UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASISA BASS,

                Plaintiff,

v.

TRANS UNION, LLC,

                Defendant.
_____/

Case No. 25-11767

Judith E. Levy
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

## REPORT AND RECOMMENATION: RULE 41(b) DISMISSAL

### I.    PROCEDURAL HISTORY

Plaintiff Asisa Bass filed this *pro se* Fair Credit Reporting Act complaint on June 12, 2025, against Trans Union LLC.  (ECF No. 1).  Plaintiff sued Defendant related to inaccurate credit entries reported on her Transunion credit report.  (*Id.* at PageID.4).  On September 30, 2025, the District Judge referred all pretrial matters to the undersigned.  (ECF No. 12).

On November 25, 2025, Defendant filed its pending *Motion to Dismiss Plaintiff's Complaint* (ECF No. 18).  Plaintiff's deadline to respond to Defendants Jones and Murray's motion was December 29, 2025.  (ECF No. 20).  Plaintiff did not—and has not—filed her response to Defendant's motion.

Because of Plaintiff's failure to respond to the motion, the Court issued an order to show cause why the undersigned should not recommend that the motion be granted or that this case be dismissed for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b).  (ECF No. 22).  Plaintiff's response to the show cause order was due February 12, 2026; alternatively, Plaintiff could have filed her response to Defendant's motion.  (*Id.*).  Yet, as of this writing, a response of any kind remains outstanding.

For these reasons, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for Plaintiff's failure to prosecute under Rule 41(b).

## II.     ANALYSIS

Pursuant to Rule 41(b), a federal court may sua sponte dismiss a claim for failure to prosecute or comply with an order.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32 (1962); *Steward v. City of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001).  "[D]istrict courts possess broad discretion to sanction parties for failure to comply with procedural requirements."  *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, & GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991)).  Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."  *Link*, 370 U.S. at 629–30.  "The power to invoke this sanction is necessary in order to prevent undue delays in the

disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* Also, a "district court can dismiss an action for noncompliance with a local rule . . . if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)); *see also McCallum v. Gilless*, 38 F. App'x 213, 216 (6th Cir. 2002) (regarding the typical leeway afforded to *pro se* litigants). But a sua sponte dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)); *see also Labreck v. U.S. Dep't of Treasury*, No. 11-10155, 2013 WL 511031, at *2 (E.D. Mich. Jan. 25, 2013), *report and recommendation adopted*, 2013 WL 509964 (E.D. Mich. Feb. 12, 2013).

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to

3

cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).  Here, on balance, these factors weigh in favor of dismissal.

As for the first and second factors, "it is not clear whether [P]laintiff's failure to prosecute is due to willfulness, bad faith, or fault."[1]  *White*, 2008 WL 2216281, at *5.  But Defendant "cannot be expected to defend an action" that Plaintiff "has apparently abandoned, not to mention the investment of time and resources expended to defend this case."  *Id.*  Indeed, this Court has deemed such abandonment prejudicial to defendants since it results in pending litigation without movement towards a timely resolution.  *Clayborn*, 2020 WL 584177, at *1.  For these reasons, the first and second factors weigh in favor of dismissal.

Based on the explicit warning given to Plaintiff, the third factor also weights in favor of dismissal.  This Court has regularly dismissed cases under Rule 41(b) after a plaintiff has been warned of dismissal, failed to comply with court orders without explanation, and where defendants expended resources on an abandoned action, and lesser sanctions would prove useless.  *See, e.g.*, *Croton v. Recker*, No.

---

[1] Though "at a minimum, he is clearly at fault for failing to . . . comply with the Court's orders." *Clayborn v. Distelrath*, No. CV 19-12971, 2020 WL 584177, at *1 n.1 (E.D. Mich. Jan. 14, 2020), *report and recommendation adopted*, 2020 WL 570909 (E.D. Mich. Feb. 5, 2020).

11-15433, 2012 WL 3888220, at *2 (E.D. Mich. Sept. 7, 2012); *Labreck*, 2013 WL 511031, at *2 (recommending dismissal for plaintiff's failure to comply with orders of the court). Plaintiff here failed to respond as ordered to Defendant's pending motion as well as the Court's show cause order. Despite the clear warning, Plaintiff has provided no good reason why the undersigned should not recommend the complaint be dismissed. *See Labreck*, 2013 WL 511031, at *2.

Finally, given Plaintiff's failure to respond to the Court's Order to show cause, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, taken together, these factors support dismissal for failure to prosecute.

The undersigned is mindful of this Court's preference for resolving cases on the merits unless a litigant has engaged in a clear pattern of delay. *See Jourdan*, 951 F.2d at 110; *McCallum*, 38 F. App'x at 216. Such a pattern is present here. On July 2, 2025, the Court issued a similar order to show cause for Plaintiff's failure to respond to the Court's orders. (ECF Nos. 5–6). While Plaintiff ultimately responded to the July 2025 Order, Plaintiff has now failed to response to the subsequent orders issued by the Court. The Court also permitted Plaintiff to respond to the January 2026 show cause order with a response to Defendant's motion, meaning in total Plaintiff has been provided over three months to respond to Defendant's motion. The failure to respond to orders of the Court alone evinces a clear pattern of delay. *See Clayborn*, 2020 WL 584177, at *2.

5

For these reasons, the undersigned concludes that Plaintiff has effectively abandoned her case by failure to respond to the Court's Orders.  Under these circumstances, dismissal under Fed. R. Civ. P. 41(b) is appropriate for failure to prosecute and failure to comply with the Court's Orders.

## III.  RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** pursuant to Fed. R. Civ. P. 41(b).  If this Report and Recommendation is adopted, then the undersigned **FURTHER RECOMMENDS** that Defendant's pending *Motion to Dismiss Plaintiff's Complaint* (ECF No. 18) be **DENIED AS MOOT**.

The parties here may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Tchrs.*

*Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

Date: March 3, 2026                                  s/Curtis Ivy, Jr.
                                                     Curtis Ivy, Jr.
                                                     United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 3, 2026., by electronic means and/or ordinary mail.

s/Sara Krause
Case Manager
(810) 341-7850

8